**Nikolin PEPA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–4375–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 15, 2005.

Sunit K. Joshi, (Sokel Braha, on the brief), New York, New York, for Petitioner.

David N. Kelley, United States Attorney for the Southern District of New York, James A. McDevitt, United States Attorney for the Eastern District of Washington, William H. Beatty, Assistant United States Attorney, Spokane, Washington, for Respondent.

PRESENT: WALKER, Chief Judge, CALABRESI, POOLER, Circuit Judges.

## SUMMARY ORDER

Nikolin Pepa, through counsel, petitions for review of the BIA decision denying his claims for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. Ashcroft,*

232 F.3d 279, 287–88 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while we afford "particular deference" to an adverse credibility determination, *Zhou Yun Zhang,* 386 F.3d at 73, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales v. INS,* 331 F.3d 297, 307, 312 (2d Cir. 2003).

■ We may remand a case when some of the factual findings of the IJ lack support of substantial evidence or are based on an inaccurate perception of the record. *Gao v. Gonzales,* 424 F.3d 122, 130–31 (2d Cir.2005) (referencing *Qiu v. Ashcroft,* 329 F.3d 140, 154–55 (2d Cir.2003) and *Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004)). In this case, the IJ used several factors to support her finding of adverse credibility, but many of the bases upon which she relied were improper.

The first explanation for the IJ's adverse credibility finding was the fact that Pepa did not present any specific details regarding certain parts of his persecution, including his imprisonment in Bora jail, his medical procedures, and his attempted flight from Albania. The absence of details on his confinement in jail may be explained by the fact that his hearing was taken at two different times, by two different judges, more than one year apart. Moreover, in the first half of his hearing before in 1998, Pepa addressed his flee attempt, in detail. He described whom he attempted to flee with, why they chose to cross the border where they did, and what happened to them during the attempt. When considering the record as a whole, it is clear that the IJ failed to consider Pepa's testimony from his previous hearing about his attempt to flee. Lastly,

there appears to have been some confusion between Pepa and the IJ during the questions surrounding Pepa's medical treatment, and as a result, the IJ determined that Pepa was not credible. However, a reading of the transcript conveys that Pepa was consistent with his story even though he stated that he was confused as to some of the questions.

In addition to stating that Pepa's testimony lacked detail, the IJ also found that Pepa was not credible because of the differences between Pepa's oral testimony and his answers during the airport interview and I–589 asylum application. As for the airport interview, the IJ should have examined whether or not the questions asked during the interview were worded in a manner to elicit detailed information before using it as a basis for the adverse credibility finding. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 180 (2d Cir.2004). Moreover, the IJ improperly considered the absence of detail in the I–589 because it had already been ruled by the BIA that the document was insufficient due to ineffective counsel. The IJ is bound by that BIA decision and cannot use this same adverse credibility factor on remand. Moreover, the IJ was concerned that Pepa "did not see fit to provide this Court with any information regarding any attempts on his part to bring this disciplinary action to fruition." However, Pepa was not obligated to provide this evidence because the issue had already been addressed by the BIA.

The IJ improperly considered the fact that Pepa did not seek documentation of his persecution from the Association for Persecuted Political People. Even though the IJ did not believe Pepa's reasons for not producing this evidence, Pepa was under no obligation to produce a report from the organization. Pepa could have met his burden of proof through testimonial and/or

documentary evidence. If an individual is deemed credible, an alien's testimony may be sufficient to meet his or her burden. *Secaida–Rosales,* 331 F.3d at 306. Therefore, the fact that Pepa did not produce any documents from this organization cannot be the basis for finding him incredible.

Lastly, the IJ stated that Pepa was not credible because he was unable to provide any corroborating evidence of his personal or familial persecution. The IJ noted that the only evidence is an unauthenticated letter from the Mayor of Pepa's hometown. However, Pepa also presented the oral testimony of Robert Papa. The IJ did not acknowledge his testimony in her decision, and it appears she did not consider his testimony when making her ruling. The IJ did not make a determination that the witness was not credible or that his testimony was irrelevant, so she should have considered it as substantive evidence.

■ The IJ also denied Pepa's asylum application because Albania has changed significantly and Pepa is no longer at risk if he returns to Albania. An alien's asylum claim will not be granted if "there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality." 8 C.F.R. § 208.13(b)(1)(A). This is the government's burden to prove. *See Qiu,* 329 F.3d at 148 (2d Cir.2003). The government questioned Pepa about the change in government regimes, and Pepa admitted that Albania is now called a democracy. However, Pepa testified that both the Communist government and the democratic government consisted of the same people, and that the government change was in name only. When the IJ determined that the conditions in Albania had changed, she did not provide any basis for this finding. It is not clear from the record that the conditions have changed; therefore, the IJ's finding that Albania has fundamentally changed is not completely supported by the record.

Accordingly, the petition for review is GRANTED, the BIA's decision is VACATED and the case is REMANDED. The petitioner's outstanding motion for stay of removal is GRANTED. Any remand to an IJ should be to a different IJ from the one who originally heard this case.