**Yu Mao LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

**No. 03–4991–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 28, 2005.

Richard Tarzia, Belle Mead, New Jersey, for Petitioner.

Gregory A. White, United States Attorney for the Northern District of Ohio, Betty J. Konen, Assistant United States Attorney, Cleveland, Ohio, for Respondent.

PRESENT: MINER, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Yu Mao Lin petitions for review of the April 30, 2003 decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). The IJ denied Lin's claims for asylum, withholding of removal, and Convention Against Torture ("CAT") relief based on an adverse credibility finding. We review factual findings under the substantial evidence standard, overturning them only if a reasonable fact finder would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony generally bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. Ashcroft*, 232 F.3d 279, 288 (2d Cir.2000).

While Lin is correct that much of the IJ's reasoning is based on minor discrepancies, these discrepancies cannot be viewed in a vacuum. Instead, the discrepancies must be evaluated together, and combined with Lin's admission that he previously gave false stories in support of his asylum claims at his airport and credible fear interviews.

Lin cites two cases for the proposition that his prior lies should not have led the IJ to find his present testimony not credible: *Turcios v. INS*, 821 F.2d 1396 (9th Cir.1987) and *Zubeda v. Ashcroft*, 333 F.3d 463 (3d Cir.2003). Neither case, however, is directly on point. In *Zubeda*, the Third Circuit held that the BIA improperly relied on inconsistencies between an asylum applicant's testimony and her prior statements in her airport interview and asylum application. *See* 333 F.3d at 476–77. The question, however, was not whether prior lies detract from credibility, but instead whether the inconsistencies were lies in the first place, as opposed to problems with communication due to language difficulty and trauma. *See id.*

*Turcios* is closer to the question faced in Lin's case, because it involved an asylum applicant who admitted to lying to immigration authorities in the past. In that case, however, the applicant had told U.S. immigration authorities that he was Mexican, when in fact he was Salvadoran, and was claiming asylum from El Salvador. Citing the UNHCR *Handbook on Procedures and Criteria for Determining Refugee Status* ("UNHCR Handbook"), ¶ 199, the Ninth Circuit held that "[u]ntrue statements by themselves are not reason for refusal of refugee status" and must instead be evaluated in "light of all the circumstances of the case." 821 F.2d at 1400.

The Court further held that the petitioner's prior lie actually supported, rather than undermined, his testimony, because it showed he was doing everything possible to avoid being deported to El Salvador, where he feared persecution.

Lin admitted not just lying to avoid being deported to China, but lying about the actual details of his asylum claim. Moreover, the IJ did not rely only on Lin's lie. Instead, and as called for by the UNHCR Handbook, the IJ evaluated Lin's lie in "light of the circumstances of the case," and found that it undermined his credibility when combined with all of the other inconsistencies and omissions in his present testimony.

We have considered Lin's other arguments and find them to be without merit. Furthermore, Lin has not argued any-where in his brief that the CAT denial was erroneous, and this Court need not address that issue. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 156 (2d Cir.2003); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED, and the outstanding motion for a stay of removal is DENIED.