**Wei LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1749–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 28, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Aleksander Milch, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, David A. Glockner, James P. Fleissner, Carole J. Ryczek, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Wei Lin, through counsel, petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA denied Lin's motion to reopen on three grounds, but Lin challenges only two of those grounds before this Court. Accordingly, this Court will review only whether the BIA abused its discretion in determining that Lin failed to show that country conditions in China had changed and that new evidence he submitted was material and previously unavailable.

Lin submitted medical reports, examination certificates, and additional affidavits relating to his mother's sterilization, sister's pregnancy, and his own encounters with the family planning officials with his motion, and he argued that these documents were not previously available. Lin had sufficient time between the filing of his asylum application in December 2000 and his hearing in September 2001 to obtain these documents. The BIA did not exceed its discretion in concluding that Lin's reasons for failing to submit these documents earlier are not compelling.

Lin also argued that a new family planning law in China, enacted in September 2002, increased the strict enforcement of sterilization and other birth control policies. According to the 2003 U.S. Department of State Report, submitted with Lin's motion to reopen, the new law was intended to standardize the implementation of China's birth limitation policies. The report does not indicate any drastic changes in the overall goals of the policy in China.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).