**Kashmir Kaur NAGRA, Petitioners,**

v.

**BOARD OF IMMIGRATION APPEALS Respondent.**

**No. 03–4725–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2006.

Kashmir Kaur Nagra, Jamaica, New York, for Petitioner, pro se.

Todd P. Graves, United States Attorney for the Western District of Missouri, Cynthia J. Hyde, Assistant United States Attorney, Springfield, Missouri, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this order.

Kashmir Kaur Nagra, native and resident of India, petitions for review of a BIA decision affirming an immigration judge's ("IJ's") denial of asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000).

The IJ noted that in Nagra's application for political asylum there is no mention of hospitalization after any of the arrests, yet she produced a document from a hospital that indicated she had been hospitalized. Although Nagra did not specifically mention the hospital in her written statement, she did state that she was medicated by a local doctor and remained bedridden for a month. This is not contradicted by the document from the hospital. Moreover, it appears that the document from the hospital was submitted as part of the written application.

The IJ also noted that the document from the hospital did not mention that Nagra's medical treatment was on an outpatient basis, yet at her hearing Nagra testified that she was hospitalized on an outpatient basis. Again, there is no contradiction here. The document from the hospital did not specify whether or not the treatment was on an outpatient basis, but Nagra's written statement certainly suggests, consistent with her testimony, that it was.

Additionally, the IJ observed that in the asylum application, Nagra mentioned that she had received bed rest after her third arrest, but at no point in her testimony did she mention any type of hospitalization or treatment after her third arrest. The IJ's observations regarding medical treatment after the third arrest are simply erroneous. Nagra testified that in March 1997,

after the third arrest, she visited the hospital and the doctor gave her medication.

Finally, the IJ noted that on cross-examination, Nagra testified that she was dragged around by her hair on the fourth day of detention after the first arrest, but that the asylum application indicates that this event occurred on the second day of detention. After reviewing the asylum application, it is not clear on what day of her detention she asserted she was dragged by her hair. In the asylum application, Nagra claimed that she and her husband were taken to the police station and locked up. She alleged that two hours after being locked-up, they were produced for interrogation. Nagra explained that the police officer cursed at her, took off her head covering, snatched her hair and flattened her on the ground, kicking her with his toes.

Vacatur is appropriate here because "the erroneous aspects of the IJ's reasoning are not tangential to [his findings] . . . and . . . the evidence supporting [those] findings is not so overwhelming" as to make remand futile. *See Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 405 (2d Cir.2005). The IJ relied heavily on the flawed analysis and it is possible that a different outcome would result on remand.

█ Because Nagra has not challenged the IJ's denial of her CAT claim in her brief to this Court, any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision in VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).