**Bao Chun CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] United States Attorney General, Respondents.**

No. 03–41069–AG.

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Rod J. Rosenstein, United States Attorney, Kristine L. Sendek–Smith, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. RALPH K. WINTER, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of the petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Bao Chun Chen ("Chen") petitions, through counsel, for review of the BIA's decision denying his application for

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts, procedural history, and issues on review.

Where the BIA affirms without opinion, this Court reviews the IJ's decision, *see Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005), reviewing the IJ's factual findings under the substantial evidence standard, and overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary, *see* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang*, 386 F.3d. at 71.

The IJ's finding, that the documentary evidence contradicted Chen's testimony, is supported by substantial evidence. The basis of Chen's claim, that his wife was forced to have an IUD inserted in December 2000 and forced to have an abortion in February 2001, was contradicted by the documentary evidence. Although the record of examinations listed his wife's quarterly exams, it did not reflect the December 2000 IUD insertion and, even though his wife's second pregnancy was allegedly discovered during a February 2001 examination, the record does not reflect that examination or the subsequent abortion.

Substantial evidence also supports the IJ's finding that "there is nothing in the record of proceedings either through [Chen's] testimony, documentation, or background material that would warrant a

finding that it is more likely than not that the respondent would be tortured."

For the foregoing reasons, the petition for review is denied. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).