**Bardh GJONI, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,\* Respondent.**

No. 04–0988.

United States Court of Appeals, Second Circuit.

March 8, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted for former Attorney General John Ashcroft as Respondent.

Aleksander B. Milch, Christophe & Associates, P.C., New York, NY, for Petitioner.

Barbara M. Bowens, Assistant United States Attorney (Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, of counsel), Columbia, SC, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, and Hon. TIMOTHY C. STANCEU,** Judge.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 8th day of March, Two thousand and six.

Petition for review of an order of the Board of Immigration Appeals ("BIA") af-firming an Immigration Judge's ("IJ") denial of petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition be GRANTED in part, the order of the BIA VACATED with respect to the denial of asylum and withholding of removal, and the case REMANDED for further proceedings.

Petitioner Bardh Gjoni petitions for review of a BIA order affirming, without opinion, the decision of an IJ denying Gjoni's applications for asylum, withholding of removal, and CAT relief.

■ Because Gjoni did not appeal to the BIA the IJ's denial of his application for CAT relief, he failed to exhaust all administrative remedies available to him with respect to that application, and we lack jurisdiction to review the denial. *See* 8 U.S.C. § 1252(d)(1). With respect to Gjoni's applications for asylum and withholding of removal, where the BIA affirms without opinion, we review the IJ's decision directly, *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005), reviewing factual findings under the substantial evidence standard, *Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir.2004).

In denying Gjoni's applications for asylum and withholding of removal, the IJ stated that "the court does not find the Applicant's claim that he would be killed due to his Democratic Party membership credible or believable," but did not otherwise make an explicit credibility determination. The IJ also stated that "the court found the Applicant's oral presentation to be generalized and lacking in details as

opposed to his application and written statement in support."

■ We conclude that the IJ's adverse credibility determination with respect to Gjoni's overall testimony, to the extent that she made one, is not supported by substantial evidence. The record does not support the IJ's finding that Gjoni's oral testimony was general and lacking in detail as compared to his written application. Gjoni's testimony was in many respects more detailed than his written account. The IJ's conclusory statement that Gjoni's claim that he would be killed lacked credibility is also unsupported. First, it does not appear that Gjoni testified that he would be killed. Second, we have said that "[w]hen an IJ rejects an applicant's testimony, the IJ must provide specific, cogent reasons for doing so." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks and citation omitted). The IJ here failed to meet this requirement. Without explanation, the IJ also appeared to credit certain aspects of Gjoni's testimony, while discounting or ignoring other portions of his testimony. For these reasons, we grant the petition in part, vacate the BIA's decision that affirmed so much of the IJ's decision as denied asylum and withholding of removal and remand the case to the BIA.

We think that, on remand, both parties should be given an opportunity to supplement the record to reflect changes, if any, in country conditions in Albania. Second, we have made clear that an IJ cannot "ignor[e] a significant aspect of [an applicant]'s testimony in support of his claims of past persecution and future persecution." *Tian–Yong Chen v. U.S. INS*, 359 F.3d 121, 128 (2d Cir.2004). To the extent that the IJ finds him to be credible, therefore, the IJ must consider all material aspects of Gjoni's testimony, including testimony about the bomb that allegedly ex-

ploded outside of his home, and testimony about what was allegedly said by those who shot him. Third, we think that in determining whether Gjoni has established a well-founded fear of future persecution, consideration should be given not only to reports of the U.S. Department of State but also to any reputable and pertinent non-governmental reports that Gjoni has placed or does place into the record. *See Yan Chen v. Gonzales*, 417 F.3d 268, 272–75 (2d Cir.2005); *Tian–Yong Chen*, 359 F.3d at 130. Fourth, we note that evidence of what occurred to Gjoni's close relatives may be probative of the reasonableness of his fear of future persecution, irrespective of whether such evidence is relevant to past persecution. *See Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir. 2005). Finally, although we express no opinion on the strength of his application, we think that Gjoni's claims must be assessed in the light of evidence presented about his particular history and circumstances, rather than solely with respect to members of the Albanian Democratic Party in general. *See Tian–Yong Chen*, 359 F.3d at 130.

For the foregoing reasons, the petition for review is GRANTED in part, and the BIA's order affirming the denial of asylum and withholding of removal is VACATED. Insofar as the petition seeks review of the denial of CAT relief, it is dismissed for lack of jurisdiction. The case is hereby REMANDED for further proceedings consistent with this opinion.