**BI XIANG YE, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

Nos. 05–4720–AG, A 73 033 477.

United States Court of Appeals, Second Circuit.

March 31, 2006.

Michael Brown, New York, New York, for Petitioner.

Robert M. Butler, Assistant United States Attorney, Cedar Rapids, Iowa, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Bi Xiang Ye petitions for review of the August 18, 2005 decision of the BIA affirming an immigration judge's ("IJ's") denial of his motion to reopen deportation proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

Where, as here, the BIA issues an independent written decision, this Court reviews the decision of the BIA. *See, e.g., Qun Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002) (per curiam). Denials of motions to reopen, including motions to reopen challenging orders of removal entered *in absentia,* are reviewed for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). In this case, the BIA followed the same analysis as this Court recently did in *Song Jin Wu v. INS,* 436 F.3d 157 (2d Cir.2006). For the same reasons as in *Song Jin Wu,* the BIA reasonably found that Ye did not exercise due diligence in pursuing rescission of his *in absentia* deportation order that would warrant equitable tolling of the 180–day period under 8 U.S.C. § 1252b(c)(3) (1996) and 8 C.F.R. § 1003.23(b)(4)(iii).

Ye's motion to reopen for new evidence was subject to the regulatory require-

ments set forth at 8 C.F.R. § 1003.2(c) and at 8 C.F.R. § 1003.23(b). Because 8 C.F.R. § 1003.23(b)(3) does not contain any exceptions to the timeliness requirement applicable to Ye's motion to reopen based upon his *prima facie* eligibility to adjust status, the BIA properly denied that motion as untimely. Furthermore, Ye's motion to reopen based upon changed country conditions in China was not supported by material evidence, as required for the timeliness exception under 8 C.F.R. § 1003.23(b)(3).

In his petition for review, Ye acknowledges that his motions to reopen and to rescind should be governed by 8 C.F.R, § 1003.23(b)(3), but maintains that both motions should also benefit from the exception to the time limitations set in 8 C.F.R § 1003.23(b)(4)(iii)(D). Ye's argument asks this Court to take the most advantageous aspects of two distinct regulatory provisions and combine them so that he may qualify for relief. This is simply contrary to the plain language of the regulations. We have considered Ye's other claims and determine them to be without merit.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.