**Alexander TWUM, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 02–4187.**

United States Court of Appeals, Second Circuit.

Argued: Jan. 7, 2005.

Decided: June 8, 2005.

Randall L. Johnson, Johnson & Associates, P.C., Arlington, VA, for petitioner.

Annemarie E. Roll, Attorney, United States Department of Justice Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, Civil Division, and Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), Washington, D.C., for respondent.

Before: WINTER and SOTOMAYOR, Circuit Judges, and HOLWELL, District Judge.*

---

* The Honorable Richard J. Holwell, United States District Court Judge for the Southern District of New York, sitting by designation.

SOTOMAYOR, Circuit Judge.

Petitioner Alexander Twum petitions for review of an April 29, 2002 order of the Board of Immigration Appeals ("BIA"), affirming without opinion a September 8, 1997 order of the Immigration Judge ("IJ") denying his motion to reopen his exclusion proceedings after he was ordered excluded *in absentia*. In his motion to reopen Twum claimed that, although he presented himself at the public entrance to the building that houses the Immigration Court several hours before the hearing, he was prevented from attending his hearing because guards would not admit him without a hearing notice that was in the possession of his attorney, who was inside the building. The IJ, determining that Twum's motion to reopen in essence alleged ineffective assistance of counsel as the cause of his failure to appear, denied the motion based on Twum's failure to comply with the requirements for a motion alleging ineffective assistance of counsel set forth in *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988). We hold that the application of *Lozada* to bar Twum's claim was arbitrary and an abuse of the IJ's discretion. Accordingly, we vacate the order and remand for further proceedings.

## BACKGROUND

Twum, a native and citizen of Ghana, was placed in exclusion proceedings after attempting to enter the United States in July 1994. He was given notice of a hearing before an IJ to be held on September 1, 1994 at the Immigration Court at 26 Federal Plaza in Manhattan. He appeared on that date, represented by attorney Theophileas F. Maranga. Through counsel, Twum indicated his intent to seek asylum and withholding of deportation. Immigration Judge Noel Ferris set a deadline for filing the relevant applications and served Twum with written notice of the merits hearing, which she set for ten months later, on June 27, 1995 at 2:30 PM at 26 Federal Plaza. Twum thereafter filed a timely application for asylum and withholding prepared by Maranga.

Maranga attended the June 27, 1995 merits hearing, but Twum did not. The record of that hearing is not before us, but according to the later account of the IJ, Maranga advised the court that he and Twum had spoken two days before the hearing. Maranga told the court that, while Twum wanted to obtain new counsel, Maranga agreed that he would appear at the merits hearing. Maranga further represented that he and Twum had spoken on the morning of the hearing (whether by phone or in person, the IJ does not say) and that Maranga again advised Twum that he would attend. The IJ conducted the hearing in Twum's absence. In a decision dated June 30, 1995, the IJ found that Twum had been duly notified of the time and place of the hearing and had failed to attend. On this basis, the IJ denied Twum's pending applications for relief for lack of prosecution and ordered him excluded.

On February 7, 1997, Twum, represented by present counsel, filed a motion with the IJ to reopen the exclusion proceedings, arguing that he had reasonable cause for his failure to appear. In an affidavit accompanying the motion, Twum related his own version of the events leading to his absence at the hearing. Twum stated that at he met with Maranga two days before the June 27 hearing and that Maranga told him that Maranga would not appear at that hearing unless Twum paid him $350. Twum told Maranga he could not pay this sum, and that Maranga told him to return to Maranga's office at 11 AM on the day of the hearing to resolve the matter. Twum asserted that he went to Maranga's office at 11 AM on the 27th but that an employee

told him that Maranga had not been in all morning and advised him that Maranga would probably meet him at the federal building.

Twum further explained that he proceeded to 26 Federal Plaza at 11:45 AM but was refused admission by the security guards because he did not have a notice demonstrating that he had a hearing. He explained to them that his lawyer had the notice and that he urgently needed to enter to attend his hearing, to no avail. He had no choice but to wait outside until he encountered Maranga exiting the building at about 3:30 PM. Maranga then told Twum that their appointment for that morning had been for 10:30 AM, not 11, and that after Twum failed to appear, Maranga had been forced to attend the 2 PM hearing alone. Twum claimed that Maranga told him "there was nothing further he could do for [Twum's] case" and that Twum would likely receive a notice in the mail regarding his case, but gave him no further information. Twum never received notice of the order of exclusion and had not been aware of it until he consulted with present counsel.

In a decision dated September 8, 1997, the IJ denied the motion to reopen the proceedings. The IJ construed Twum's motion as "in essence" alleging ineffective assistance of counsel as the cause for his failure to appear, and found that Twum had failed to comply with the requirements for a motion to reopen predicated on this ground, as elaborated by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). In particular, the IJ found that Twum had satisfied the requirement that he set forth in affidavit form his understanding with Maranga regarding the ser-

vices to be provided and the details of Maranga's failure to provide effective assistance of counsel. The IJ concluded, however, that contrary to the requirements of *Lozada*, Twum had neither given Maranga an opportunity to respond nor indicated that he had filed a complaint with appropriate disciplinary authorities or explained his failure to do so.

Twum appealed the denial of the motion to reopen to the BIA on October 8, 1997, arguing that the IJ erred as a matter of law in finding that Twum could not establish the requisite "reasonable cause" for his failure to appear. The BIA summarily affirmed the "results of the decision below" without opinion on April 29, 2002. This timely petition for review followed.

## DISCUSSION

 Twum's petition for review is before us pursuant to the transitional judicial review provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, § 309(c), 110 Stat. 3009–625 to –626, because his exclusion proceedings commenced before April 1, 1997, and a final order of exclusion was issued after October 30, 1996. *See generally* 8 U.S.C. § 1101(a)(47)(B)(i); *Ahmed v. Ashcroft,* 286 F.3d 611, 612 n. 1 (2d Cir.2002) (per curiam). Twum's exclusion proceedings before the Immigration Court were conducted under the pre-IIRIRA regime, in particular, under section 236 of the Immigration and Nationality Act ("INA") as it stood prior to its amendment.[1] *See* 8 U.S.C. § 1226 (1994) (amended 1996). Under that regime, when a respondent has been given proper notice of the time and place of a hearing but fails to appear, the

---

1. IIRIRA repealed the relevant sections of INA § 236 effective April 1, 1997, and in place of the formerly distinct exclusion and deportation proceedings instituted a new uni-

fied "removal" proceeding. *See* IIRIRA §§ 303, 304, 110 Stat. 3009–585, 587 (codified in part at 8 U.S.C. §§ 1229, 1229a).

IJ "shall conduct an *in absentia* hearing." 8 C.F.R. § 3.26(a) (1995) (recodified at 8 C.F.R. § 1003.26(a) (2004)); *see also In re N–B–,* 22 I. & N. Dec. 590, 591 (BIA 1999); *In re Nafi,* 19 I. & N. Dec. 430, 432 (BIA 1987). However, where "an alien later establishes that he [or she] had reasonable cause for his [or her] failure to appear, the Immigration Judge's order may be vacated and proceedings may be reopened."[2] *In re N–B–,* 22 I. & N. Dec. at 591; *see also In re Nafi,* 19 I. & N. Dec. at 432. We review the denial of a motion to reopen proceedings for abuse of discretion. *See Iavorski v. INS,* 232 F.3d 124, 128 (2d Cir.2000); *Mardones v. McElroy,* 197 F.3d 619, 624 (2d Cir.1999). Where, as here, the BIA affirms the result below without opinion, we review the IJ's decision directly as the final agency determination. *See Yu Sheng Zhang v. United States Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004); 8 C.F.R. § 3.1(a)(7) (2002) (recodified as amended at 8 C.F.R. § 1003.1(e)(4) (2004)).

It is undisputed that Twum was properly served with notice of the time and place of his merits hearing during his initial appearance, such that the IJ properly proceeded to hold an *in absentia* hearing. *See* 8 C.F.R. § 3.26(a) (1995). The only issue before us, therefore, is whether the IJ abused her discretion in determining that Twum could not show "reasonable cause" for his failure to appear.

In general, when a respondent who has been ordered excluded *in absentia* moves to reopen the proceedings by showing reasonable cause, the IJ has broad discretion to grant or deny that motion based on "all the facts and circumstances involved," *In re A–N–,* 22 I. & N.

Dec. at 959, including the general strength and plausibility of the evidentiary showing that the movant has made. *Compare, e.g., In re N–B–,* 22 I. & N. Dec. 590, 593 (BIA 1999) (granting motion to reopen based upon "[s]ufficient and credible evidence" that severe illness requiring surgery prevented attendance at hearing), *with In re S–A–,* 21 I. & N. Dec. 1050 (BIA 1997) (rejecting motion to reopen based on affidavit describing traffic problems, where affidavit lacked detail and was contradicted by claim in prior motion); *see also, e.g., de Jimenez v. Ashcroft,* 370 F.3d 783, 786–87 (8th Cir.2004) (" 'Normally, a valid excuse for an alien's absence will be [adjudged] reasonable under the circumstances of the case and will be substantiated by evidentiary material or an affidavit.' " (quoting *In re de Jimenez,* No. A38 946 672 (BIA Mar. 20, 2002)). When the agency exercises its discretion to grant or deny the motion, our review is deferential; "[a]n abuse of discretion may be found in those circumstances where the [agency's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In his motion to reopen and accompanying affidavit, Twum argued that his inability to attend the hearing was the result of the security guards' refusal to admit him to 26 Federal Plaza without his hearing notice, despite his explanation that he had a court hearing and that the notice was in

---

**2.** The BIA has also held that exclusion proceedings conducted *in absentia* may also be reopened absent a showing of reasonable cause where the respondent seeks asylum or withholding of removal and has made a prop-

er showing of changed country conditions creating a reasonable likelihood of success on the merits. *In re A–N–,* 22 I. & N. Dec. 953 (BIA 1999).

counsel's possession. The IJ did not, however, consider on the merits whether the evidence presented by Twum established reasonable cause. In fact, the IJ made no mention whatsoever of the crucial allegation that the guards would not permit Twum to enter without his hearing notice despite his urgent protestations that he had a hearing.[3] She found, instead, that Twum was "[i]n essence" alleging ineffective assistance of counsel and that she was "precluded" from "examin[ing] the validity of [his] claim" because he had failed to comply with the requirements of *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988). As a result of this failure, she found that Twum's motion "must be denied."

In *Lozada*, the BIA established evidentiary requirements for asserting claims of ineffective assistance of counsel in a motion for relief from a final order of deportation. 19 I. & N. Dec. at 639. As we noted in *Esposito v. INS*, 987 F.2d 108 (2d Cir.1993) (per curiam), under *Lozada*, a respondent seeking relief from an order of deportation or exclusion on the basis of ineffective assistance of counsel

> must submit: (1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation

of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so.

*Id.* at 110–11 (citing *Lozada*, 19 I. & N. Dec. at 639). The BIA noted in *Lozada* that these requirements serve to deter meritless claims and to provide a basis for determining whether counsel's assistance was in fact ineffective. *Lozada*, 19 I. & N. Dec. at 639. *Lozada*'s requirements have been applied to motions to reopen exclusion proceedings where the "reasonable cause" alleged to justify the respondent's failure to appear relates to an attorney's ineffective assistance.[4] *See, e.g., In re N–K–*, 21 I. & N. Dec. 879, 880–81 (BIA 1997), *abrogated on other grounds, Lo v. Ashcroft*, 341 F.3d 934, 939 n. 6 (9th Cir. 2003). We have upheld the application of these requirements to screen ineffective assistance claims where appropriate. *See Jian Yun Zheng v. United States Dep't of Justice*, 409 F.3d 43, 47 (2d Cir.2005); *Esposito*, 987 F.2d at 110–11.

On the facts before us, however, we cannot say that the application of *Lozada* to bar consideration of the motion was appropriate or indeed rational, because we do not agree with the IJ's conclusion that Twum's claim was "[i]n essence" one of ineffective professional assistance of counsel. Twum knew, through counsel, when and where his hearing was, and was pres-

---

3. Nothing in the record before us independently establishes whether or not such an access policy was in place at 26 Federal Plaza at the relevant time. If this claim were at odds with the building's policy, however, we would certainly expect that the IJ would have remarked upon it. Instead, her opinion studiously ignores the issue.

4. A claim of ineffective assistance can also satisfy the similar but more stringent requirement applicable to motions to reopen *in ab-*

*sentia* orders of deportation under the pre-IIRIRA INA that the applicant demonstrate "exceptional circumstances." *See* 8 U.S.C. § 1252b (1994) (repealed 1996); *In re Grijalva–Barrera*, 21 I. & N. Dec. 472 (BIA 1996); *see also In re N–B–*, 22 I. & N. Dec. at 593 (noting that "exceptional circumstances" standard under former 8 U.S.C § 1252b is more stringent than "reasonable cause" standard applicable to exclusion proceedings).

ent at the building that housed the Immigration Court well in advance of his hearing.[5] The "essence" of Twum's claim, it is plain to us, is that security guards barred his entry to the court despite his protest that he had a hearing and that his lawyer had the hearing notice. To be sure, Twum alleged that he did not have the hearing notice because he and Maranga failed to meet outside the building on the morning of the hearing. But the mere involvement of an attorney in the background of the claim does not talismanically convert it into one triggering *Lozada*'s stringent requirements. Twum's case is similar in this respect to *Thomas v. INS*, 976 F.2d 786 (1st Cir.1992), in which a respondent and his attorney "crossed signals" about when and where to meet, with the result that the respondent waited outside the courthouse while his lawyer waited in his office until after the scheduled time of the hearing. *See id.* at 787–88. In that case, neither the BIA nor the First Circuit regarded the claim as an ineffective assistance claim that triggered *Lozada*'s heightened requirements. Instead, both the agency and the federal court treated the claim as they would any other—that is, they considered whether, in light of the evidentiary showing that Thomas had made, his inability to coordinate his arrival at court with his lawyer constituted reasonable cause.[6] *See id.* at 788–89 (noting that BIA rejected Thomas's argument for reopening on the merits); *id.* at 790 (reviewing evidence

presented and holding that BIA's rejection of claim was not abusive of its discretion); *see also id.* at 790–91 (Breyer, C.J., dissenting) (arguing that BIA acted arbitrarily in denying motion to reopen because, *inter alia,* Thomas and his counsel arrived during scheduled time for hearing).

Similarly, in *Romani v. INS*, 146 F.3d 737 (9th Cir.1998), a family of asylum seekers appeared at the Immigration Court at the appointed time of their hearing and were told by court personnel to locate their names on a bulletin board outside the courtroom. *Id.* at 738. As they did this, they were misinformed by their lawyer's assistant that they had already been ordered deported *in absentia,* and left the building at approximately the time that the IJ ordered their removal. *Id.* & n. 2. Nothing in the Ninth Circuit's opinion indicates that the IJ or the BIA regarded this misadventure as "in essence" a claim of ineffective assistance. Instead, the IJ simply denied the motion to reopen on the ground that the family had failed to establish the requisite "exceptional circumstances," *id.* at 738, and the circuit court reversed, expressly distinguishing *Lozada,* *id.* at 739.

The IJ's invocation of *Lozada* in the instant case to forestall any consideration of the merits of Twum's claim is inconsistent with the agency's analysis of these similar claims involving respondents who

---

5. These facts serve to distinguish the cases relied upon by the IJ in which *Lozada* was applied to adjudicate claims that the failure to appear was attributable to counsel. *See In re N–K–,* 21 I. & N. Dec. at 879–80 (applying *Lozada* where attorney of record failed to notify clients of hearing); *In re Rivera–Claros,* 21 I. & N. Dec. 599, 602–03 (BIA 1996) (applying *Lozada* where counsel did not inform client of hearing date and counsel's intended withdrawal); *In re Grijalva–Barrera,* 21 I. & N. Dec. at 473–74 (applying *Lozada*

where counsel's office instructed client not to appear).

6. The "reasonable cause" standard applied in *Thomas* is drawn from the former 8 U.S.C. § 1252(b) (amended 1996), a statute that did not apply to exclusion proceedings. *See Nafi,* 19 I. & N. Dec. at 431 (noting that there was no explicit statutory provision for *in absentia* exclusion hearings under the pre–1996 INA and that former § 1252 is inapplicable to such cases). The difference is immaterial for our purposes.

were present at the court building but who were not at their hearings because of misunderstandings involving their attorneys. Under the circumstances of this case, we find that refusing to consider the claim because of Twum's failure to comply with *Lozada* was arbitrary. *See Ke Zhen Zhao,* 265 F.3d at 95 ("[A]pplication of agency standards in a plainly inconsistent manner across similar situations evinces such a lack of rationality as to be arbitrary and capricious." (citing *Vargas v. INS,* 938 F.2d 358, 362 (2d Cir.1991)). Having arbitrarily applied *Lozada,* the IJ failed to consider the extent to which Twum's allegation regarding the guards' conduct was credible and the extent to which, if credited, it rendered his failure to appear "reasonable"; this failure in itself is arbitrary. *See Romero–Morales,* 25 F.3d at 129 ("[T]he IJ (and the BIA) are required to consider the record as a whole and issue a reasoned opinion when considering a motion [to reopen]." (internal quotation marks omitted). While the Immigration Court can and must expect respondents who are ordered to appear before it to make every responsible effort to comply with the order, it cannot expect the impossible. *Cf. Herbert v. Ashcroft,* 325 F.3d 68, 72 (1st Cir.2003) (holding that IJ acted capriciously in rejecting motion to reopen based on earlier denial of attorney's request for continuance when attorney had informed court that he was unexpectedly required to appear in federal court at the same time). That is all the more true where, as is alleged here, the court's own access policy may prevent even the diligent and well-intentioned from gaining entrance.

■ We do not go so far as to hold that the excuse offered in Twum's affidavit is sufficient to establish reasonable cause. Where a determination is entrusted to agency discretion in the first instance, " 'judicial judgment cannot be made to do service for an administrative judgment.' " *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (quoting *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943)). Instead, " 'the proper course, except in rare circumstances, is to remand to the agency for additional explanation or investigation.' "[7] *Id.* (quoting *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)). We therefore do not decide whether or not Twum has made out a showing of reasonable cause. Having found that the agency's decision cannot be affirmed on the grounds given, "[t]he appropriate course of

---

7. For this reason, the government's alternative argument on this appeal that Twum's version of events is insufficient on its merits to constitute reasonable cause is misplaced. We note, however, that none of the cases from other circuits on which the government relies would dictate such a finding even if they were controlling. In *Patel v. INS,* 803 F.2d 804, 806 (5th Cir.1986), the respondent offered the BIA no explanation for his failure to appear, and argued before the circuit court that his attorney had advised him not to attend. That case obviously bears no material similarity to this one. In *Reyes–Arias v. INS,* 866 F.2d 500, 502–04 (D.C.Cir.1989), the District of Columbia Circuit affirmed the denial of a motion to reopen where the respondent "elected ... to remain out of touch with his own counsel" to the extent that counsel did not know his client's address and could not reach him. *Id.* at 502, 503. Here, it is undisputed that Twum and his counsel were in contact the day before the hearing, and were only prevented from meeting in the courtroom by the security guards at the federal building. Finally, the government cites *Thomas,* in which the First Circuit held that the BIA did not abuse its discretion in denying a motion to reopen when, because of "crossed signals" about when and where to meet, both the respondent and his counsel were thirty minutes late. 976 F.2d at 790. In *Thomas,* however, there was no allegation that the court's own access policy contributed to the failure to appear. *See id.* at 787–88.

action is to grant the petition for review, vacate the decision, and remand the case, without passing on the sufficiency of [the] evidence in support of [the] application." *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Yu Sheng Zhang*, 362 F.3d at 159 ("[A]n agency's order must be upheld, if at all, [only] on the same basis articulated in the order by the agency itself." (internal quotation marks omitted)); *Romero–Morales v. INS*, 25 F.3d 125, 131 (2d Cir.1994) (holding that where the IJ failed fully "to examine the particulars of the case before him prior to . . . denying the motion to reopen[,] . . . a remand is advisable").

One final caution is in order, however. Although, as noted above, the IJ found that she was "precluded" from considering Twum's claim on the merits, she also found that "no explanation is proffered by [Twum] as to his delay in filing this motion" and observed in dicta that notwithstanding the lack of any statutory or regulatory deadline for motions to reopen *in absentia* exclusion proceedings, "the extremely long and unreasonable delay must be considered as an adverse discretionary factor." The IJ's finding that Twum proffered "no explanation" is contradicted by the record. Twum explains in his affidavit that when he encountered Maranga leaving the building, Maranga told him only that he would receive a notice in the mail from the Immigration Court regarding his case. Twum claims that he never received any such notification—an entirely plausible claim, since Maranga remained counsel of record even through the time of the IJ's

September 1997 decision, and the *in absentia* order shows on its face that it was mailed to Maranga rather than Twum. *See also* 8 C.F.R. §§ 3.37, 292.5(a) (1995) (providing that written decision of IJ shall be mailed to counsel of record). Twum alleges that he only discovered the *in absentia* order upon consulting other counsel, whereupon he affirmatively filed the motion to reopen. Given that the IJ had continued Twum's case for ten months after he filed his application, it does not strike us as necessarily unreasonable for Twum to have waited for a considerable length of time before becoming concerned and inquiring into his status. We assume that on remand the BIA will consider this explanation. *See Ke Zhen Zhao*, 265 F.3d at 97 ("[W]hen faced with a motion to reopen, the Board has an obligation to consider the record as a whole.").

## CONCLUSION

For the foregoing reasons, we grant the petition for review, vacate the order denying Twum's motion to reopen his proceedings, and remand the case for further proceedings consistent with this opinion.[8]

---

8. In light of this conclusion, we do not reach Twum's alternate contention that he has materially complied with *Lozada*'s requirements or his argument that *Lozada* does not apply in this Circuit to a claim of ineffective assistance of counsel. Nor do we reach his argument that the BIA's summary affirmance of the IJ's order violated his right to due process. We note, however, that the legal arguments likely lack merit in this Circuit. *See Karageorgious v. Ashcroft*, 374 F.3d 152, 155 n. 5 (2d Cir. 2004) (rejecting due process challenge to summary affirmance procedure); *Esposito*, 987 F.2d at 110–11 (upholding application of *Lozada*). We note that Twum's counsel is based in Virginia and suggest that he confer with local counsel if he continues to represent Twum in this matter.