HUA CHEN, Petitioner,

v.

Alberto R. GONZALES,[1] United States Attorney General, Respondent.

No. 04–0386–ag.

United States Court of Appeals, Second Circuit.

May 3, 2006.

David Z. Su, Law Offices of David Z. Su, El Monte, California., for Petitioner.

James K. Vines, United States Attorney for the Middle District of Tennessee, Byron M. Jones, Assistant United States Attorney, Nashville, Tennessee., for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Hua Chen, through counsel, petitions for review of the BIA decision which affirms an immigration judge's ("IJ") holding that denies him asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Court reviews the IJ's decision as the final agency determination. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Three of the IJ's four reason for finding Chen's testimony to be incredible do not qualify as "specific cogent reasons" that "bear a legitimate nexus" to her adverse credibility finding. *Id.* The IJ erred in finding that Chen's failure to mention in his asylum application the exact date of his second beating by Chinese police adversely affected his credibility. Although Chen did not specify the exact day of his second encounter with authorities in his asylum statement, such information is a minor and isolated omission that does not go to the heart of Chen's claim. *See Chung Sai Zheng v. Gonzales*, 440 F.3d 76, 79–80 (2d Cir.2006).

The IJ also erred in finding that Chen's written application failed to mention that he was beaten by the police when he was arrested a few weeks after February 2001, because the application explicitly stated that the police "beat us with baton [sic], arrested us and then detained us in the police station." *See id.* at 80 (stating that "manifest misconstrual of the record warrants reconsideration on remand").

Finally, the IJ erred in finding that the letter Chen provided from his father contradicted his testimony that he was too afraid to return home after July 2001. The IJ found that the letter indicated that it became too dangerous for Chen to return to his home after his first arrest. However, the letter states only that "in February 2001, you joined in the Falun Gong Movement seeking to live a perfect life. However, you also got trouble because of that since Falun Gong was classified as evil cult by the authorities. That is why you got arrested and could not come back home. Now we know it would be safe for you to be over there, we feel much relieved." This general account does not contradict Chen's more specific account.

The IJ's final basis for discrediting Chen's testimony, his denial during his airport interview that he had ever been arrested, may have been sufficient by itself to discredit his testimony. *See Ramsameachire*, 357 F.3d at 181 (2d Cir.2004). However, because "we can[not] state with confidence that the IJ would adhere to [her] decision" absent the error-infected portion of her analysis, we must remand. *Xiao Ji Chen v. DOJ*, 434 F.3d 144, 158 (2d Cir.2006).

For the foregoing reasons, Chen's petition for review is GRANTED, the BIA decision is VACATED and the case is REMANDED for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure

34(a)(2), Second Circuit Local Rule 34(d)(1).