**Danilo ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Edward J. McElroy, New York District Director, United States Department of Homeland Security, Respondents.**

No. 04–1477–ag.

United States Court of Appeals, Second Circuit.

May 8, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

222

Mario DeMarco, Port Chester, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York (Varuni Nelson, Sarah Lum, Assistant United States Attorneys, on the brief), Brooklyn, New York, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Danilo Ortiz ("Ortiz") petitions for review of a February 2004 final order of removal of the Board of Immigration Appeals ("BIA") adopting and affirming the decision of Immigration Judge ("IJ") Brigitte LaForest, denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA issues a short decision that primarily adopts and affirms the IJ's opinion, this Court reviews the IJ's decision. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual and credibility findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

Ortiz argues that the IJ erred by finding that no extraordinary circumstances existed that would justify the untimeliness of his asylum application. *See* 8 U.S.C. § 1158(a)(2)(B), (D). We however, have no jurisdiction to review the IJ's finding of a lack of "extraordinary" circumstances unless it implicates "constitutional claims or questions of law." *Joaquin–Porras v. Gonzales*, 435 F.3d 172, 180 (2d Cir.2006). Because the IJ's decision denied Ortiz relief on factual grounds and Ortiz has not identified any constitutional or legal error, we lack jurisdiction to review the IJ's denial of his asylum claim.

By not asserting any specific arguments with respect to his withholding of removal and CAT claims, Ortiz has waived any challenges to the IJ's ruling on these claims. *See Norton v. Sam's Club*, 145 F.3d 114, 117–18 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Nevertheless, because the only evidence of a threat to the petitioner's life or freedom is his assertion that he would be "murdered" or "kidnaped" if he returned to Colombia, the adverse credibility determination, which is supported by substantial evidence, necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003). Furthermore, as Ortiz's testimony was not credible, and that testimony was crucial to his CAT claim, he is not entitled to CAT relief. *See Xiao Ji Chen v. U.S. Dep't. of Justice*, 434 F.3d 144, 163 n. 18 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.