**BING GANG LI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4867–ag.

United States Court of Appeals, Second Circuit.

May 19, 2006.

42

Liu Yu, Law Offices of Yu & Associates, New York, New York, for Petitioner.

H.S. Garcia, United States Attorney for the District of Puerto Rico, Nelson Pérez–Sosa and Thomas F. Klumper, Assistant United States Attorneys, San Juan, Puerto Rico, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bing Gang Li, though counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ"), denying his application for asylum and withholding of removal (Charles Honeyman, *Immigration Judge*). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

█ In this case, the internal inconsistencies in Li's testimony, and the inconsistencies between his testimony and documentary evidence, provided substantial evidence to support the IJ's finding that Li was not credible. Although there are

numerous inconsistencies in the record, the following are sufficient to support the IJ's adverse credibility determination. Li provided inconsistent accounts of where he and his wife were during his wife's second pregnancy, and, while Li first explained that his wife's IUD was forcibly inserted in April 1994, he later testified that he was "sure" the procedure had occurred in February 1994, although he provided a document indicating that the procedure had occurred in March 1994.

Additionally, Li initially testified that his mother had received written notice that Li was required to undergo sterilization. However, Li later stated that his mother had not received the notice and that he was not aware of whether or not he had submitted the notice in support of his application. A review of the record indicated that the notice was included in Li's supporting documentation. Further, although Li denied its existence, the record also included a doctor's letter explaining that Li's wife was not to be recommended for sterilization. These inconsistencies did not concern minor issues, but related directly to Li's claim for asylum, and, thus, the IJ's decision was supported by substantial evidence. *See Secaida–Rosales,* 331 F.3d at 308.

■■■ Because the only evidence of a threat to Li's life or freedom depended upon Li's credibility, the adverse credibility determination in this case also necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Finally, Li has waived any challenge to the IJ's denial of CAT relief by failing to address this issue in his brief before this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).