**BING CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 05–2080–ag.**

United States Court of Appeals, Second Circuit.

June 23, 2006.

H. Raymond Fasano, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois; Bart Huff, Edmond Chang, Craig Oswald, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Bing Chen, through counsel, petitions for review of the March 2005 order affirming Immigration Judge ("IJ") Roxanne Hladylowycz's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003).

Substantial evidence supports the IJ's finding that Chen failed to establish past persecution. Chen argues in her petition for review that having a baby without the permission of the Chinese government amounted to resistance to the coercive family planning policy, but she failed to exhaust this issue before the IJ and BIA. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS*, 358 F.3d 162 (2d Cir.2004).

Substantial evidence also supports the IJ's finding that Chen did not meet her burden for establishing a well-founded fear of future persecution. Chen failed to present any evidence that she would be targeted for forced abortion, sterilization or other persecution under China's family planning policy upon her return to Fujian province. The IJ reasonably found that her fear of persecution was merely speculative because Chen was still pregnant

with her first child at the time of her removal hearing and did not know the gender of the child, and there was no indication that she was out of compliance with the family planning policy. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005) (per curiam) (finding fear of future forced sterilization in Fujian after birth of petitioner's daughter was "speculative at best" absent solid support in the record). Chen's argument that the IJ ignored the information on the one-child policy in the State Department reports is unavailing because nothing in the record suggests that the IJ failed to consider the reports. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n. 13 (2d Cir. 2006) (stressing that an IJ is presumed to have "taken into account all of the evidence before [her], unless the record compellingly suggests otherwise").

Because Chen's petition for review fails to challenge the IJ's denial of her CAT claim and the finding that she did not establish a well-founded fear of future persecution based on her illegal departure from China, these issues are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DENIED as moot.