late Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

**HANG ZHOU GUO, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–0816–ag.**

United States Court of Appeals, Second Circuit.

June 29, 2006.

Gang Zhou, New York, New York, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the April 12, 2006 due date specified in the Court's March 3, 2006 denial of the Government's motion for extension of time, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Hang Zhou Guo, through counsel, petitions for review of the January 2004 BIA order denying his motion to reopen the BIA's March 2003 decision affirming Immigration Judge ("IJ") Helen Sichel's decision denying his application for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA abused its discretion in denying Guo's motion to reopen because its decision contained "only summary or conclusory statements." While the BIA is not required to address each claim that the petitioner has made, *cf. Xiao Ji Chen v.*

---

**1.** Pursuant to Fed eral Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

*U.S. Dep't of Justice,* 434 F.3d 144, 160 n. 13 (2d Cir.2006), its decision here does not reflect the reasoned consideration that would suggest it has taken into account all of the evidence before it, *see Ke Zhen Zhao,* 265 F.3d at 97 (BIA has "obligation to consider the record as a whole" on a motion to reopen).

First, although the BIA denied the motion for Guo's purported failure to adequately respond to the IJ's adverse credibility finding, Guo's motion addressed both the lack of detail in his testimony and the lack of corroboration from his friend who was detained for six months—deficiencies upon which the IJ substantially relied in reaching an adverse credibility determination—in that it contended his prior counsel's ineffective assistance caused these deficiencies. Second, although the BIA also denied the motion for Guo's purported failure to make out a prima facie case for eligibility, the arrest and detention of at least one, named, fellow Falun Gong practitioner, a coinciding summons to appear at the Criminal Investigation Section of the Public Security Bureau, and Guo's mother's letter indicating that the Public Security Bureau officials repeatedly disturbed his family by rummaging through their home after his failure to appear support a well-founded fear of persecution. In light of this record and the government's notice of non-opposition to Guo's motion to reopen, the BIA was required to provide more than summary or conclusory statements as to the manner in which Guo failed to adequately respond to the IJ's adverse credibility determination or to make a prima facie case.

For the foregoing reasons, the petition for review is GRANTED, the January 2004 decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).