**WEN MIN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–1649–ag.**

United States Court of Appeals, Second Circuit.

Sept. 15, 2006.

Aleksander Milch, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond E. Chang, Maggie J. Schneider, Craig Oswald, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen Min Chen, a citizen of the People's Republic of China, seeks review of a March 29, 2006 order of the BIA affirming the July 16, 2004 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying her application for asylum, withholding of removal and relief un-

der Article 3 of the Convention Against Torture ("CAT"). *In re Wen Min Chen,* No. A 78 015 878 (B.I.A. March 29, 2006), *aff'g* No. A 78 015 878 (Immig. Ct. N.Y. City July 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). A determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard ... constitutes *legal,* not factual error." *Id.; Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted).

Here, the IJ's adverse credibility determination was based on the internal inconsistencies within Chen's testimony. Substantial evidence supports this finding, where Chen indicated that the police first warned her to cease practicing Falun Gong in September 2001, then immediately changed her testimony to indicate that the warning was in December 1999, then changed it again to state that it had happened December 2001. In addition, Chen testified that she hid at her relative's home for about six months beginning in December 2002, which contradicted her testimony that she went into hiding in December 2001, she was first detained in February 2002, and she left China in June 2002. Chen also testified that one year had lapsed between the day she was last warned by cadres not to practice Falun Gong and the day she went into hiding. Later, she testified that this period of time had been six months.

In addition, Chen's argument that the IJ failed to sufficiently probe her for details about these discrepancies is flawed, where the inconsistencies were dramatic, and where the IJ inquired (1) whether she was "sure" about the date the police first contacted her, (2) how she could have lived with her aunt in December 2002 for six months if she left China in June 2002, and (3) how six months could have elapsed between her last police warning and her decision to go into hiding, where she testified that both of those events took place in December 2001.

The IJ also did not err in finding that the letter from Chen's father failed to rehabilitate her testimony, where the letter indicated that the police interrogated and detained Chen and her father in February 2000, but where Chen testified that those events took place in February 2002. Finally, because Chen's testimony was not otherwise credible, the IJ reasonably relied on her lack of corroborative documents evidencing that she continues to practice Falun Gong in the U.S., which he viewed as suspicious because she claimed to practice the technique at home and in the park on a regular basis.

Accordingly, because the IJ's adverse credibility determination is supported by substantial evidence, we find no reason to overturn the BIA's order affirming the IJ's denial of Chen's applications for asylum, withholding of removal and relief under the CAT, which were all based on the same set of operative facts. The petition for review is therefore DENIED. Having completed our review, any stay of removal

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).