**Denis AGOLLI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–3959–ag.

United States Court of Appeals, Second Circuit.

March 30, 2007.

FOR PETITIONER: Justin Conlon, North Haven, Connecticut.

FOR RESPONDENT: Maxwell Wood, United States Attorney for the Middle District of Georgia, Sharon T. Ratley, Assistant United States Attorney, Macon, Georgia.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Denis Agolli, a native and citizen of Albania, seeks review of a July 27, 2006 order of the BIA affirming the March 1, 2005 decision of Immigration Judge ("IJ") Michael W. Straus, denying petitioner's application for asylum, withholding of removal, and CAT relief. *In re Denis Agolli*, No. A 95 369 570 (B.I.A. July 27, 2006), *aff'g* No. A 95 369 570 (Immig. Ct. Hartford Mar. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). As a preliminary matter, because the petitioner failed to exhaust his claims for withholding and CAT relief, we lack jurisdiction to review those claims and dismiss the petition for review to this extent. *See* 8 U.S.C. § 1252(d)(1).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We find that the material and significant testimonial and documentary inconsistencies and implausibilities relied upon by the IJ in reaching his adverse credibility determination are supported by substantial evidence in the record. The IJ afforded Agolli an opportunity to explain each of these discrepancies, which the IJ was not required to accept. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Accordingly, we deny his petition for review of the IJ's denial of his application for asylum.

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part.