**Sohel AHMED, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Through Alberto R. Gonzales,[1] Attorney General, Respondent.**

**No. 03–4060–ag.**

United States Court of Appeals, Second Circuit.

April 20, 2007.

<hr>

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

**79**

David A. Bowen, New York, NY, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, OK, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Sohel Ahmed, a citizen of Bangladesh, seeks review of a December 10, 2002 order of the BIA, affirming the May 18, 1999 decision of Immigration Judge ("IJ") Larry R. Dean, denying his applications for asylum and withholding of removal. *In re Sohel Ahmed,* No. A70 575 645 (B.I.A. Dec. 10, 2002) *aff'g* No. A70 575 645 (Immig. Ct. N.Y. City May 18, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In the present case, we find (1) that the IJ's finding of changed country conditions under 8 C.F.R. § 1208.13(b)(1)(i)(A) is supported by substantial evidence; and (2) that, accordingly, the IJ could properly conclude that Ahmed does not possess a well-founded fear of persecution. The 1998 State Department Profile indicates that "[c]hanged country conditions make it highly unlikely that a Jatiyo party member on his return to Bangladesh would be mistreated solely because of his political opinion" because the party had joined with other groups to form a coalition government. Although the Profile also indicates that "a number of prominent Jatiyo Party members ... were charged with offenses by the BNP government," this fact is mitigated by its indication that "Jatiyo Party members were able to defend themselves before an independent judiciary, and many of them participated in the 1996 elections."

In his petition, Ahmed argues that the IJ's adverse credibility finding was flawed. And, we acknowledge that neither the IJ nor the BIA ever reached the question of whether, if Ahmed were deemed credible, the mistreatment Ahmed experienced warrants a discretionary grant of relief under 8 C.F.R. § 1208.13(b)(1)(iii). Under this provision, an asylum applicant who lacks a well-founded fear of persecution nevertheless "may be granted asylum, in the exercise of the decision-maker's discretion, if ... [t]he applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the *past* persecution." 8 C.F.R. § 1208.13(b)(1)(iii) (emphasis added).

But Ahmed does not appear to have argued before the BIA that he is deserving of a discretionary grant of relief based entirely on the severity of his past persecution, and does not meaningfully develop such an argument in his briefing to this court. As such, we decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir.2007) ("[I]n holding that, though not jurisdictional, issue exhaustion is mandatory, [we] expect[ ] that virtually no case will be treated differently from the way it would be were the requirement deemed jurisdictional."); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 320 n. 1 (2d Cir.2006) (refusing to consider petitioner's unexhausted issues on appeal despite government's failure to raise the issue exhaustion defense, and noting, correctly, that "nothing in *Lin Zhong* requires" a contrary result). And given (1) that the IJ's finding that Ahmed does not possess a well-founded fear of persecution is supported by substantial evidence, and (2) that we decline to consider the possibility of a discretionary grant of relief under 8 C.F.R. § 1208.13(b)(1)(iii), we need not, and so do not, reach the merits of his argument that the IJ's adverse credibility finding was flawed.

For the foregoing reasons the petition for review is DENIED. Our review having been completed, the pending motion for a stay of removal in this petition is DISMISSED as moot.