**SHI WANG HUANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–0738–ag.**

United States Court of Appeals, Second Circuit.

Jan. 15, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Shi Wang Huang, New York, NY, pro se.

Peter D. Keisler, Assistant Attorney General, Shelley R. Goad, Senior Litigation Counsel, Debora K. Gerads, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Shi Wang Huang, a native and citizen of the People's Republic of China, seeks review of a February 20, 2007 order of the BIA affirming the August 5, 2005 decision of Immigration Judge ("IJ") Helen Sichel,

denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Shi Wang Huang,* No. A96 420 642 (B.I.A. Feb. 20, 2007), *aff'g* No. A96 420 642 (Immig. Ct. N.Y. City Aug. 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ We conclude that the IJ's adverse credibility finding is supported by substantial evidence. The IJ impugned Huang's "scripted" and "unresponsive" testimony, and we accord particular deference to the trier of fact's judgments regarding an applicant's demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n.1 (2d Cir.2005).

The IJ also noted two inconsistencies in Huang's testimony in further support of her adverse credibility finding: (1) Huang claimed that he was arrested for practicing Falun Gong along with his friend, Tang, but Tang's letter did not mention his own arrest; and (2) Huang claimed that he had always resided in New York City, but

**360**

Tang's letter was sent to him at a Florida address. The first inconsistency was "substantial," as it went to the heart of Huang's claim by drawing into question whether he had been arrested and detained for practicing Falun Gong. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003); *see also Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006). The second inconsistency, though it "concern[ed] matters collateral or ancillary to the claim," was properly "deemed consequential by the [IJ]" as its cumulative effect was to cast doubt on the truth of Huang's claims in general. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Finally, the IJ based her adverse credibility determination on Huang's failure to provide evidence to corroborate his claim that he practiced Falun Gong in the United States. While the simple failure to produce any particular documentary support cannot serve as the sole basis of an adverse credibility finding, *see Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000), the absence of corroboration may bear on credibility when it makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006); *Zhou Yun Zhang,* 386 F.3d at 78. The IJ's finding in this respect was therefore proper.

■ Because the IJ's adverse credibility finding was supported by substantial evidence, she properly denied Huang's application for withholding of removal. Inasmuch as Huang based his claim for CAT relief on the same evidence he used to substantiate his withholding of removal claim, Huang's challenge to the denial of CAT relief necessarily fails. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion to reconsider the denial of a stay of removal in this petition is DISMISSED as moot.