Prek RADOINA, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–1577–ag.

United States Court of Appeals, Second Circuit.

Feb. 25, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Pro Se, New York, NY.

Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Matt A. Crapo, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Prek Radoina, a native and citizen of Albania, seeks review of the March 19, 2007 order of the BIA affirming the July 25, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Prek Radoina,* No. A95 473 540 (BIA

Mar. 19, 2007), *aff'g* No. A95 473 540 (Immig. Ct. N.Y. City, July 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

■ Radoina argues that the IJ did not adequately consider evidence that the harm he suffered was on account of his Catholic faith. We find, however, that a reasonable adjudicator would not be compelled to disagree with the IJ's conclusion that Radoina failed to establish the required nexus to a protected ground. Though the 1997 attack by the four armed men involved both a serious assault on Radoina and the rape and robbery of nuns in his company, the IJ determined that there was no evidence to suggest that these crimes were on account of the victims' faith. (A.53). The assailants did not refer to Radoina as Catholic or criticize his beliefs before the attack in any way. We cannot say that the record here compels a finding contrary to the IJ's conclusion that the 1997 attack "appears from all the evidence to [have been] an act of random violence." (A.40).

■ Further, the IJ accurately noted that the background materials in the record do not indicate that Catholics are persecuted or discriminated against in Albania. According to the 2004 U.S. Department of State Profile of Asylum Claims and Country Conditions in Albania, all religious groups freely practice their faith, Catholicism represents one of the major faiths, and the government "has been quick to address cases of discord among religious groups." (A.136). While the observations of State Department country profiles do not automatically discredit contrary evidence presented by the applicant, they are probative nonetheless. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006).

■ Moreover, contrary to Radoina's argument, the IJ fully considered the potential religious nature of Radoina's alleged persecution. The IJ cited the BIA's decision in *Matter of S–P–*, 21 I. & N. Dec. 486 (BIA 1996), which employed a mixed-motive analysis recently endorsed by this Court, in considering the nexus issue. *See Vumi v. Gonzales*, 502 F.3d 150, 157–58 (2d Cir.2007). The IJ noted that "an applicant is not required to show conclusively why persecution has or will occur," but nevertheless concluded that Radoina had failed to show that "a reasonable inference may be drawn ... that the motivation for the [alleged persecution] was on account of one of the enumerated grounds." (A.40).

■ Radoina also claims that the IJ erred in denying his asylum claim because he fears future persecution due to his status as a victim and witness of the 1997 crimes. He argues in addition that he is eligible for asylum because of the Albanian government's inability to control the level of crime there. We have held, however, that allegations of high levels of general crime and violence in an applicant's native country are insufficient to establish eligibility for asylum. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n. 3 (2d Cir.1999).

■ Because Radoina failed to demonstrate his asylum eligibility, he necessarily was unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*,

444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir.1991). Radoina did not challenge the IJ's denial of CAT relief to the BIA or to this Court. Accordingly, we deem this claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

 Finally, because Radoina failed to argue that the IJ erred in her treatment of the alleged 1999 police brutality incident in his appeal to the BIA, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider the issue. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 123–24 (2d Cir.2007). Similarly, because Radoina, in his brief to this Court, failed to challenge the IJ's rejection of his claim that he was refused medical treatment on account of his religion, we deem this argument waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot. The pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).