**MING HUI CHEN, Petitioner,**

v.

**ATTORNEY GENERAL OF THE UNITED STATES,**
**Respondent.**

**No. 04–4464–ag.**

United States Court of Appeals,
Second Circuit.

May 19, 2006.

Man C. Yam, New York, New York, for Petitioner.

Gretchen C. Shappert, United States Attorney for the Western District of North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JOSEPH M. MCLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ming Hui Chen, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") William Van Wyke denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA affirms without opinion, this Court reviews the IJ's decision, *see Twum v. INS*, 411 F.3d 54, 58 (2d Cir.

2005), reviewing the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, and overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary, *see* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). A credibility determination may be based upon "the consistency between the applicant's or witness's written and oral statements ..., the consistency of such statements with other evidence of record ..., and any inaccuracies or falsehoods in such statements without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

■ The IJ explicitly found that Chen "had not, with credible testimony, established facts to which the" standards for asylum, withholding, and CAT relief could apply. Specifically, the IJ found that there was a pattern of fabrication in both Chen's and his wife's claims that prevented a coherent claim from emerging. This finding is supported by abundant evidence, including the facts that both Chen and his wife renounced their original applications and contradicted each other on significant issues such as whether his wife was forced to have an IUD or pay a fine and whether Chen was threatened with sterilization. Moreover, contrary to Chen's contention, an IJ is not required to elicit explanations for every inconsistency. *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005).

■ Chen's argument that the IJ's decision was based on improper speculation also lacks merit. The IJ's determination, that it was unlikely, due to his father's influence, that Chen would face persecution, was not completely speculative given that Chen had testified that he was able to use his father's name to obtain release from detention and his father was able to

get him a job at a police station. In any event, the finding did not constitute the principal basis of the adverse credibility determination. Where, as here, the purported error is tangential and there is no realistic possibility that the error would affect the outcome, remand is not required. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 401–02 (2d Cir.2005).

■ Finally, the IJ did not err in dismissing Chen's CAT claim. Where "the applicant relies largely on testimonial evidence to establish [his] CAT claim, and does not independently establish a probability of torture apart from [his] stated fear, an adverse credibility finding regarding that testimonial evidence may provide a sufficient basis for denial of CAT relief." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 163 (2d Cir.2006). Other than his testimony that he feared sterilization, which, as the IJ pointed out, was not clear, Chen did not submit any evidence, testimonial or otherwise, to support his CAT claim.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).