Ismet TOSKA, Petitioner,

v.

DEPARTMENT OF HOMELAND SE-CURITY, Immigration and Customs Enforcement, Respondents.

No. 04–5859–ag.

United States Court of Appeals, Second Circuit.

May 31, 2006.

Fatos Koleci, Milford, Connecticut, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the November 16, 2005 due date specified in the scheduling order issued on October 4, 2005, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Ismet Toska petitions for review of an order of the BIA affirming Immigration Judge ("IJ") Philip L. Morace's decision ordering Toska's removal to Albania and denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In his brief to this Court, Toska failed to address the discrepancies in his testimony that formed the basis of the IJ's adverse credibility determination and argued only that he had established past persecution and a well-founded fear of future persecution. This Court therefore deems Toska to have abandoned any challenge to the IJ's adverse credibility determination. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Given the adverse credibility determination, Toska fails to meet his burden to establish eligibility for asylum, and he also fails to meet the heavier burden for withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Toska is not eligible for CAT relief because he failed to prove that "it is more likely than not that he ... would be tortured if removed to [Albania]." 8 C.F.R. 208.16(c)(2). The IJ considered all of the proffered evidence and gave the CAT claim "individualized treatment." *Ramsameachire,* 357 F.3d at 186 (internal quotation marks omitted).

Accordingly, Toska's petition for review is DENIED.