**Sidi DRAME, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondents.**

**No. 05–4811–ag.**

United States Court of Appeals, Second Circuit.

June 23, 2006.

Alexander G. Rojas, Barst & Mukamal, LLP, New York, New York, for Petitioner.

Stephen J. Sorenson, Acting United States Attorney for the District of Utah, Diana Hagen, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Sidi Drame, a native and citizen of the Republic of Congo, petitions for review the BIA's affirmance of Immigration Judge ("IJ") Noel A. Brennan's denial of his claims of asylum and the withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, the IJ reasonably denied Drame's asylum and withholding claims based on an adverse credibility finding. The IJ based part of her adverse credibility finding on a counterfeit document Drame submitted. *See Borovikova v. U.S. Dep't. of Justice*, 435 F.3d 151, 158 (2d Cir.2006). The IJ also noted several problems with Drame's testimony, including his curious demeanor, numerous implausibilities, and inconsistencies with the documents submitted in support of his claim. All of these problems provide substantial evidence to support the adverse credibility determination. In particular: (1) Drame failed to mention the death of his daughter at the hands of the Cobras, and when the IJ asked why he left that detail out of his testimony, Drame, with no emotion, stated that he had already mentioned that every-one in the neighborhood had been beaten up; and (2) Drame's testimony regarding two documents in the record was inconsistent with the information contained in those documents.

Drame argues that the IJ failed to consider material evidence supporting his claims, including favorable country condition reports and newspaper articles documenting the abuse and reporting on politically motivated violence and instability in the Congo. "Proving well-founded fear requires that the applicant establish both a subjective and an objective element." *Id. Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). The subjective element is established through the applicant's credible testimony that his fear is genuine; while the objective element is largely dependent upon the context and believability he can establish for his claims through presentation of reliable, specific, objective supporting evidence. Drame failed to establish either element as a consequence of his inconsistent and implausible testimony. He was unable to provide consistent testimony with two of the documents that he submitted into evidence. Irrespective of what the background report shows, Drame was simply not a credible witness.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).