XING YUN LIN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondents.

No. 05–1227–ag.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

Xing Yun Lin, pro se, New York, NY, for Petitioner.

Colm F. Connolly, United States Attorney, Seth M. Beausang, Assistant United States Attorney, Wilmington, DE, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Xing Yun Lin, (A95–918–601), *pro se*, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Patricia A. Rohan's September 9, 2003 decision denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006).

██ The IJ's observation that Lin did not testify spontaneously was an appropriate factor for her adverse credibility finding, as this Court gives particular defer-

ence to credibility determinations that are based, like this one, on the adjudicator's observation of the applicant's demeanor. *See Zhou Yun Zhang,* 386 F.3d at 73. The IJ was reasonable also in rejecting Lin's explanation for her discrepant testimony regarding the date of her parents' arrest, and appropriately relied on it as a factor in her adverse credibility finding, as a reasonable adjudicator would not be compelled to accept Lin's explanation that she was confused. *Cf. Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

 However, the IJ mischaracterized the record in noting a discrepancy in Lin's testimony regarding when she was arrested by Chinese authorities on account of her affiliation with the Falun Gong movement. Lin's first mention of the arrest did not specify the time, and she then specifically clarified that she was not arrested immediately, but rather two days after the detention center officials notified village authorities of her alleged affiliation with Falun Gong. Lin's testimony regarding the timing of her arrest was thus internally consistent, and the IJ was unreasonable in using the nonexistent discrepancy as a factor in her adverse credibility determination. Although the IJ was understandably concerned that the petitioner's inconsistency as to the year in which her parents were arrested created an inconsistency as to when she herself was arrested, the mischaracterization of the record as to the alleged "two day" discrepancy may have unreasonably affected the IJ's credibility finding. Additionally, the IJ unreasonably took the petitioner's answer that she was hit with the electric rod "in her chest" as not responsive to the question of where she was hit. Further, because the IJ did not "probe for incidental details," she failed to properly create a record sufficient to support her finding that Lin did not provide sufficient details regarding her claim that she practiced Falun Gong in the United States. *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003); *Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005).

Because three of the five factors used by the IJ to support her adverse credibility finding are erroneous, we cannot confidently predict that she would have reached the same conclusion based solely on Lin's demeanor and her inconsistent testimony regarding the date of her parents' arrest. *Xiao Ji Chen,* 434 F.3d at 161. Because the IJ' adverse credibility determination is not supported by the record, remand is necessary for further determination on Lin's claims for asylum, withholding of removal, and relief under the CAT.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. The stay of removal previously granted in this petition is VACATED.