HAN YING ZHU, Da Gao, Petitioners,

v.

Alberto R. GONZALES, Attorney General of the United States, United States Department of Justice, Michael Chertoff, Secretary of the Department of Homeland Security, Department of Homeland Security, Respondents.

No. 05–5761–ag.

United States Court of Appeals, Second Circuit.

Aug. 10, 2006.

Douglas Payne, New York, New York, for Petitioners.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Emily M. Smachetti, Kathleen M. Salyer,

Assistant United States Attorneys, Miami, Florida, for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Han Yin Zhu and Da Gao,[1] citizens of China, petition for review the BIA's affirmance of Immigration Judge ("IJ") William F. Jankun's denial of their claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

---

1. Da Gao, Zhu's son, is included as a derivative applicant on Zhu's application for asylum and on the petition for review.

Zhu argues that the IJ's decision to pretermit her asylum application was arbitrary, irrational, and capricious. Title 8, Section 1158(a)(3) of the United States Code, however, provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," the petitioner in this case has challenged only purely factual determinations and the agency's exercise of discretion. The Court therefore lacks jurisdiction to review the agency's denial of asylum. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir. 2006).

The IJ reasonably denied Zhu's withholding of removal claim based on her inability to provide credible testimony and her failure to meet her burden of proof. The IJ determined that, from the manner in which Zhu testified, he could not find that she was credible in testifying before the Court. This Court gives particular deference to credibility determinations that are based, like this one, on the adjudicator's observation of the applicant's demeanor. *See Zhou Yun Zhang,* 386 F.3d at 73 (explaining that a fact-finder who assesses testimony together with demeanor is in the best position to discern whether the witness is truthful).

Moreover, the IJ's reliance on the U.S. State Department Profile to discredit Zhu's submission of an abortion certificate was reasonable. While "[t]he observations of State Department country profiles 'do not automatically discredit country condition evidence presented by the applicant, and ... are not binding on the immigra-

tion court[,] they are probative nonetheless." *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006) (internal citations and quotation marks omitted). The IJ did not err in finding the claim implausible based on such evidence. *Id.* The omission of Zhu's forcible abortion from her husband's 1996 asylum claim, by itself, might not be enough to affirm the IJ's finding. However, the decision as a whole is supported by substantial evidence.

Zhu has not meaningfully challenged the IJ's denial of her claim for CAT relief in her brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.