**ZHEN FENG DONG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–2126–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 25, 2006.

Zhen Feng Dong, pro se, New York, New York, for Petitioner.

Michael J. Sullivan, U.S. Atty. for the District of Massachusetts, Gina Walcott–Torres, Asst. U.S. Atty., Boston, Massachusetts, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner, Zhen Feng Dong, a native and citizen of China, seeks review of an April 15, 2005 order of the BIA adopting and affirming the October 23, 2003 decision of immigration judge ("IJ") Douglas B. Schoppert denying Dong's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Feng Dong*, No. A79 415 599 (B.I.A. April 15, 2005), *aff'g* A79 415 599 (Immig. Ct. N.Y. City October 23, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004).

Questions of law and the application of law to undisputed fact are reviewed *de novo. See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ The IJ properly found that although Dong was credible, he failed to meet his burden in establishing eligibility for asylum and withholding of removal. In reaching this finding, the IJ concluded that Dong had failed to establish either past persecution or a well-founded fear of persecution. As to past persecution, the IJ noted that Dong "was never arrested, detained or really sanctioned in any way by the Chinese government." Before this Court, Dong argues that the IJ ignored the fact that he resisted China's coercive population control program. However, while a person who has been *persecuted* for "other resistance" to a coercive population control program "is deemed to have been persecuted on account of political opinion," 8 U.S.C. § 1101(a)(42), the applicant must still prove persecution, not merely "other resistance." While Dong established "other resistance" by testifying credibly that he argued with Chinese family planning officials regarding the minimum age requirements for marriage, he presented no evidence of persecution. *See Matter of S–L–L–*, 24 I. & N. Dec. 1, 10, 2006 WL 3337624 (BIA 2006) (holding that the term "resistance" includes "expressions of general opposition"). Therefore, the IJ's finding that Dong did not suffer past persecution was supported by substantial evidence.

■ The IJ also properly held that Dong failed to establish a well founded fear of persecution. As to the possibility of persecution on the basis of violating China's policy against unmarried cohabitation, the record contains no indication that individuals who live together before marriage are persecuted. Thus, any fear of persecution Dong may have on this basis is

entirely speculative and the IJ properly rejected this claim. As to Dong's illegal departure, while Chinese law does "allow for imposition of a sentence of imprisonment on a person who illegally departs the country," *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 407 (2d Cir.2005), "punishment for violation of a generally applicable criminal law is not persecution." *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir.1992). Accordingly, Dong did not establish a well-founded fear of persecution on this basis and the IJ's denial of his asylum claim was supported by substantial evidence.

■ Because Dong was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991). As such, the IJ's denial of Dong's claim for withholding of removal was also supported by substantial evidence. Moreover, Dong failed to exhaust his CAT claim before the BIA and, therefore, we lack jurisdiction to review it. 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005) (explaining that, in the absence of manifest injustice, petitioners must administratively exhaust the categories of relief they are claiming and the individual issues on which that relief may turn, but not subsidiary legal arguments).

For the foregoing reasons, the petition for review is DISMISSED in part for lack of jurisdiction with respect to petitioner's CAT claim and DENIED in part with respect to his asylum and withholding of removal claims. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).