**MU FOU ZHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3160–ag.

United States Court of Appeals, Second Circuit.

March 12, 2007.

Michael A.O. Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney, General, Emily Anne Radford, Assistant Director, John W. Blakeley, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Mu Fou Zhen, a native and citizen of China, seeks review of a June 19, 2006 decision of the BIA denying his motion to reopen and reconsider. *In Re Mu Fou Zhen,* No. A76 505 541 (B.I.A. June 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005) (internal citations omit-

ted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ Zhen argues that he established *prima facie* eligibility for the relief sought, but this Court is precluded from reaching that finding because he did not file a timely petition for review of that decision. *Id.* at 90. Accordingly, only the BIA's reasons for the denial of Zhen's motion to reopen can be reviewed for an abuse of discretion.

Applicable regulations provide that individuals must file a motion to reopen within 90 days of the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and they must file motions to reconsider within 30 days of the decision they seek to challenge, *see* 8 C.F.R. § 1003.2(b)(2). Zhen's motion was filed almost four years after the BIA's previous decision. However, the filing deadline may be equitably tolled for motions based on ineffective assistance of counsel if the applicant proves that he exercised due diligence in filing the motion. *See, e.g., Iavorski v. INS,* 232 F.3d 124, 129–34 (2d Cir.2000).

■ In this case, the BIA did not abuse its discretion in determining that Zhen failed to prove that he was the victim of ineffective assistance of counsel. Although Zhen asserts in his affidavit that he retained an attorney to represent him in his appeal before the BIA, there is no evidence in the record to support this assertion. All of the documents that Zhen sub-

mitted to the BIA indicated that he was proceeding *pro se.* Accordingly, the BIA did not abuse its discretion in denying Zhen's ineffective assistance of counsel claim.

■ Zhen argues that the BIA abused its discretion in treating his change of law claim as a motion to reconsider. The regulations state that a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted." 8 C.F.R. § 1003.2(c)(1). A motion to reconsider, on the other hand, "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna,* 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991). Because Zhen's motion did not assert any newly discovered facts or new factual developments, the BIA properly treated the change of law argument as a motion to reconsider. Motions to reconsider include claims based on changes in law. *Id.* Moreover, in order to reach the issue of whether the change in law affects Zhen's claim, he would have to overcome the IJ's original adverse credibility determination. Since the IJ did not believe that Zhen's story regarding his wife's forced sterilization was truthful, any change in law regarding eligibility for relief based on forced sterilizations is not relevant to his case. The BIA did not abuse its discretion in treating this portion of Zhen's motion as a motion to reconsider, and the BIA did not abuse its discretion in denying the motion as untimely. *See* 8 C.F.R. § 1003.2(b) (providing no exceptions to the 30–day filing deadline).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's unopposed mo-

tion for a stay of removal in this petition is DISMISSED as moot.