**ZHENG SHENG, Petitioner,**

**v.**

**Alberto R. GONZALES,**[1] **Respondent.**

No. 03–40978–ag.

United States Court of Appeals,
Second Circuit.

June 6, 2007.

———

Robert J. Adinolfi, Louis & Adinolfi,
New York, New York, for Petitioner.

Jeffrey A. Taylor, United States Attorney for the District of Columbia, Madelyn E. Johnson, Alexander D. Shoaibi, Assistant United States Attorneys, Washington, DC, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Zheng Sheng, a citizen of the People's Republic of China, seeks review of a November 6, 2003 order of the Board of Immigration Appeals ("BIA"), affirming the July 1, 2002 decision of Immigration Judge ("IJ") John Opaciuch, denying his application for relief under Article 3 of the Convention Against Torture ("CAT"). *Zheng Sheng,* No. A79 084 428 (B.I.A. Nov. 6, 2003) *aff'g* No. A79 084 428 (Immig. Ct. N.Y. City July 1, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun*

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for Attorney General John Ashcroft.

*Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, the IJ did not err in finding that Sheng's feared mistreatment would not constitute torture, where he testified in vague terms that he would suffer beatings, imprisonment for one to three years, fines and unemployment. Torture is "an extreme form of cruel and inhuman treatment," 8 C.F.R. § 1208.18(a)(2) which is "something more severe than the kind of treatment that would suffice to prove persecution." *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006). Here, the IJ did not err in finding that none of the treatment Sheng asserts that he fears from the Chinese government, or individuals who loaned him money, rises to the level of torture. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005); *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005); *Nen Ying Wang v. Ashcroft,* 368 F.3d 347, 350 (3d Cir.2004).

Although Sheng submitted a report from a China-specific, non-profit human rights group purporting to document instances of torture in labor camps, such background materials lack the particularity necessary to establish that it is more likely than not that Sheng would suffer torture. *See Mu Xiang Lin,* 432 F.3d at 157–58. Accordingly, substantial evidence supports the IJ's finding that Sheng failed to meet his burden of proof, and it is unnecessary for us to reach the IJ's alternative bases for denying Sheng's application for CAT relief.

For the foregoing reasons the petition for review is DENIED. The pending motion for a stay of removal is DISMISSED as moot.