Gurjit SINGH, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent.

No. 06–0331–ag.

United States Court of Appeals,
Second Circuit.

Aug. 2, 2007.

Gurjit Singh, pro se, Jackson Heights, NY, for Petitioner.

Deborah J. Rhodes, United States Attorney, Southern District of Alabama; David Andrew Sigler, Assistant United States Attorney, Mobile, AL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Gurjit Singh, a native and citizen of India, seeks review of a December 27, 2005 order of the BIA denying his motion to reopen his removal proceedings. *In re Gurjit Singh*, No. A 70 650 215 (B.I.A. Dec. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evidentiary hearing." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001). An alien is limited to one motion to reopen removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R § 1003.2(c)(2). A motion that does not comply with these time and numerical limitations can only be brought where the alien can establish "changed country conditions arising in the country of nationality...." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

As an initial matter, a petition for review of a BIA order must be filed within thirty days of the entry of that order. *See Paul v. Gonzales*, 444 F.3d 148, 153 (2d Cir. 2006); 8 U.S.C. § 1252(b)(1). To the extent that Singh challenges the underlying BIA and immigration judge decisions in his case, we decline to review his arguments. Only the BIA's December 2005 order denying Singh's fourth motion to reopen is properly before this Court. 8 U.S.C. § 1252(b)(1).

In denying Singh's petition for review of the BIA's denial of his third motion to reopen, this Court previously addressed and rejected the argument that the BIA abused its discretion when it declined to reopen his removal proceedings. In the instant petition for review of the BIA's denial of Singh's fourth motion to reopen, Singh's arguments in his brief to the Court are essentially identical to those made in his prior brief. Indeed, Singh's third and fourth motions rely on identical affidavits and supporting documentation. To the extent that we have already ruled on the issue of whether the BIA abused its discretion in finding that Singh failed to establish changed circumstances in India to except his case from the numerical limita-

tions for motions to reopen, the law of the case doctrine requires that we follow our previous decision to deny Singh's petition. *See U.S. v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir.2002) (emphasizing that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case").

 Even if the law of the case doctrine did not apply to the instant case, the BIA did not abuse its discretion in denying Singh's fourth motion to reopen based on his failure to abide by the numerical limitations for such motions. The regulations permit only one motion to reopen removal proceedings, and the instant motion was the fourth motion to reopen filed by Singh, clearly exceeding the numerical bar. 8 C.F.R. § 1003.2(c)(2). Moreover, Singh is not eligible for an exception to the numerical limitations because he failed to submit any documents to evidence a change in country conditions in India in the October 2005 motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Thus, the BIA properly denied Singh's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot. The BIA's motion for an extension of time to file its brief is denied as moot in that although filed late, the brief was accepted.