KAM–HUNG WONG, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–2123–ag.

United States Court of Appeals, Second Circuit.

March 26, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales, as the respondent in this case.

Thomas V. Massucci, New York, NY, for Petitioner.

Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Michael P. Lindemann, Assistant Director, Office of Immigration Litigation, on the brief), United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Kam–Hung Wong, a native of Hong Kong, seeks review of an April 27, 2007 order of the BIA affirming without opinion the October 18, 2005 decision of Immigration Judge ("IJ") Margaret McManus finding him removable under sections 237(a)(1)(A) and (B) of the Immigration and Nationality Act ("INA"), *see* 8 U.S.C. §§ 1227(a)(1)(A) and (B), and denying his application for adjustment of status. *In re Kam–Hung Wong*, No. A 75 933 297 (B.I.A. Apr. 27, 2007), *aff'g* No. A 75 933 297 (Immig.Ct.N.Y.City, Oct. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA affirms, without opinion, the decision of the IJ, we review the IJ's decision as the final agency

determination. *See Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir.2007); *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); 8 C.F.R. § 1003.1(e)(4). We have jurisdiction to review a decision that an alien is statutorily ineligible for adjustment of status. *See Singh v. Gonzales*, 468 F.3d 135, 138 (2d Cir.2006); *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir.2006). To the extent this question requires us to construe a provision of the INA, our review follows the two-step process outlined in *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If the statutory text "is unambiguous, no further inquiry is necessary." *Mizrahi v. Gonzales*, 492 F.3d 156, 158 (2d Cir.2007) (internal citations omitted). Where "the issue on appeal involves the proper application of legal principles to the facts and circumstances of the individual case at hand, our review [is] *de novo.*" *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003); *see also Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006).

The IJ found Wong removable under INA § 237(a)(1)(A) because he was an alien who was inadmissible "at the time of entry or adjustment of status." 8 U.S.C. § 1227(a)(1)(A). Specifically, the IJ found that Wong was inadmissible under INA § 212(a)(2)(A)(i), which renders inadmissible any alien "convicted of, *or who admits having committed* . . . a violation of . . . any law or regulation of . . . a foreign country relating to a controlled substance." 8 U.S.C. § 1 182(a)(2)(A)(i) (emphasis added).

The record reflects that Wong testified that he was twice convicted for heroin offenses in Hong Kong and placed in a rehabilitation program. In addition, when asked about a letter from the Criminal Intelligence Bureau of the Hong Kong Police, which stated that Wong had seven

convictions in Hong Kong between 1982 and 1994, six involving "possession of dangerous drugs," Wong admitted that there were at least two such convictions.[2] The statute is clear that this is an appropriate basis for a finding that an alien is inadmissible. 8 U.S.C. § 1182(a)(2)(A)(i). *See Francis v. Gonzales,* 442 F.3d 131, 139 (2d Cir.2006) (noting that under INA § 212(a)(2)(A)(i) the government must "merely" prove "that [the alien] admitted to the underlying criminal conduct"); *see also Mizrahi,* 492 F.3d at 159 (noting that "the statutory language [of § 212(a)(2)(A)(i)] indicates Congress's intent to sweep broadly" in defining what will render an alien inadmissible). Therefore, the IJ did not err in finding that, based on his admissions, Wong was removable under INA § 237(a)(1)(A) and could not adjust status. 8 U.S.C. § 1227(a)(1)(A). The IJ's finding that Wong was removable under INA § 237(a)(1)(B) for having "remained in the United States for a longer time than permitted" was also not in error as Wong admitted that he overstayed his visa. 8 U.S.C. § 1227(a)(1)(B).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal is DISMISSED as moot.

---

**2.** Wong's counsel originally objected to the admission of the letter from the Hong Kong Police Criminal Intelligence Bureau on the ground that it was not relevant. The IJ nonetheless marked the letter for identification as exhibit 6, and when the government asked Wong about the contents of the letter, petitioner's counsel did not object to the question or to admission of the document. Whether the document was formally admitted into evidence or not, however, is not dispositive, as the IJ's finding was based on Wong's admissions and not the document itself.