**XIOU FENG KE, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

**No. 08–4736–ag.**

United States Court of Appeals, Second Circuit.

April 28, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Peter D. Lobel, New York, NY, for Petitioner.

Michael F. Hertz, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Aimee J. Fredrickson, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Xiou Feng Ke, a native and citizen of the People's Republic of China, seeks review of an August 26, 2008 order of the BIA affirming the June 20, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiou Feng Ke,* No. A99 540 376 (B.I.A. Aug. 26, 2008), *aff'g* No. A99 540 376 (Immig. Ct. N.Y. City Jun. 20,

2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, Ke has waived any challenge to the IJ's finding that she failed to demonstrate past persecution. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). Further, we conclude that the IJ's determination that Ke failed to establish a well-founded fear of persecution is supported by substantial evidence.

Ke testified that she was interned in a mental institution for "one or two" days after she threw a rock striking her neighbor's head. She further testified that she suffered no harm while she was interned and she did not witness any abuse. Based on her testimony, her fear that she will be forcibly institutionalized upon her return to China is "speculative at best," and her claim that she will be abused while institutionalized lacks "solid support" in the record. *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

Accordingly, the IJ's conclusion that Ke failed to establish a well-founded fear of future persecution is supported by substantial evidence, *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur,* 494 F.3d at 289, and his denial of her applica-

tion for asylum was therefore proper. Further, inasmuch as Ke failed to meet the burden of proof for asylum, she also failed to meet the higher burden of proof necessary to establish eligibility for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Finally, because Ke fails to challenge the agency's denial of her CAT claim, she has waived any such arguments. *See Yueqing Zhang*, 426 F.3d at 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.