SUMMARY ORDER

Petitioner, Dian Jing Xu, a native and citizen of the People’s Republic of China, seeks review of the April 4, 2007 order of the BIA affirming the November 29, 2005 decision of Immigration Judge (“IJ”) Noel Ann Brennan denying Petitioner’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Dian Jing Xu, No. A73 544 282 (B.I.A. Apr. 4, 2007), aff'g No. A 73 544 282 (Immig. Ct. N.Y. City Nov. 29, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of the case. When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ’s decision as the final agency determination, see, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, because Petitioner failed to apply for CAT relief or to challenge the IJ’s failure to address CAT relief before the BIA, we lack jurisdiction to consider his unexhausted challenge to the denial of that relief. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006).
Substantial evidence supports the IJ’s adverse credibility determination because it was based on Petitioner’s admission that he knowingly lied, under oath, before the IJ regarding his prior entry to the United States. “[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien’s uncorroborated or unauthenticated evidence.” Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007); see also id. at 171 (finding that “even ancillary evidence sometimes supports” the application of falsus in uno, falsus in omnibus (false in one thing, false in everything)). Indeed, “a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner.” Id. at 170. The IJ’s conclusion that these lies undermined Petitioner’s documentary evidence and rendered him not credible was not error, especially since the Petitioners prior entry was material to his subjective fear of *52 persecution. See Wensheng Yan v. Mukasey, 509 F.3d 63, 68 n. 2 (2d Cir.2007).
Because the only evidence that Petitioner was likely to be persecuted depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).